1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (SBN 111536)
2  RAQUEL PACHECO (SBN 245328)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California 94111
   Telephone: (415) 576-0200
4  Facsimile: (415) 576-0300
   Email: gsgilchrist@townsend.com; rpacheco@townsend.com
5
   KAREN B. KING (SBN 167568)
6  501 West Broadway, Suite 2020
   San Diego, California 92101
7  Telephone: (619) 702-2301
   Facsimile: (619) 702-2401
8  Email: KKing@badboy.com    E-filing
9  Attorneys for Plaintiff
   PLATYPUS WEAR, INC.
10
11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13  PLATYPUS WEAR, INC., a Nevada corporation,   Case No. C 07 4628

14         Plaintiff,                            COMPLAINT FOR:       EDL

15  v.                                           (1) COPYRIGHT INFRINGEMENT;
                                                 (2) TRADEMARK INFRINGEMENT;
16  BAD BOYS BAIL BONDS, INC., a California      (3) UNFAIR COMPETITION
    corporation,
17                                               DEMAND FOR JURY TRIAL
           Defendant.
18

19

20

21
    Plaintiffs allege as follows:
22
                        **JURISDICTION AND VENUE**
23
           1.    This action arises under the copyright laws of the United States, 17 U.S.C. 101 et seq.
24
    ("Copyright Act"), the trademark laws of the United States, 15 U.S.C. 1051 et seq. ("Lanham Act");
25
    California Business and Professions Code section 17200, et seq. This Court has original jurisdiction
26
    under 28 U.S.C. §§ 1331 and 1338(a)(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).
27

28

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the defendant resides in this judicial district.

3.      Intradistrict assignment to any division under Local Rule 3-5(b) and 3-2(c) is proper because a substantial part of the alleged events, occurred in one or more of the counties listed in Local Rule 3-2(d).

## PARTIES

4.      A California corporation, Platypus Wear, Inc. ("Wear") is now dissolved but previously did business in the County of San Diego and owned claims involved in this lawsuit.

5.      In or about June 2006, Wear was dissolved and its assets, including the causes of action that are the subject of this complaint, have been transferred to its successor company, Plaintiff Platypus Wear, Inc., a Nevada Corporation ("Wear Nevada").

6.      Wear and Wear Nevada are hereinafter collectively referred to as "PWI."

7.      Bad Boys Bail Bonds, Inc. ("BBBB INC.") is a corporation organized and existing under the laws of the State of California with offices in San Jose, Oakland and Los Angeles, California.

## GENERAL ALLEGATIONS

**A.      THE BUSINESS OF PWI.**

8.      PWI has been in business since 1984 and is in the business of licensing the use of its intellectual property in the United States and around the world. Among its valuable intellectual property is a set of copyrights and trademarks that consist of the BAD BOY® brand, an iconic set of figures, graphic artwork and word marks that have longstanding appeal and recognition by consumers worldwide.

9.      For example, PWI owns the following relevant, valid and subsisting United States copyright registrations, among others.

| Design | Reg. No. | Title |
|---|---|---|
|  | VA 734-334 | BAD BOY FACE DESIGN |
| ![Bad Boy] | VA 740-282 | BAD BOY CORPORATE DESIGN |
| ![Boy Figure] | VA 734-333 | BAD BOY – BOY FIGURE |

PWI's United States copyright registrations are hereafter individually and collectively referred to at times as the "BAD BOY Copyrights."

10.    Since at least the mid-1980s, PWI or its predecessors-in-interest have been the exclusive owner of United States' common law and statutory trademark rights in the mark BAD BOY, and related design marks. These design marks include word marks and design marks consisting of copyrighted material, including the material discussed earlier, as well as other artwork consisting of well known BAD BOY brand imagery. PWI owns the following United States trademark registrations, among other numerous BAD BOY related design marks and copyrights in the United States and around the world which are of relevance to PWI's longstanding rights in the BAD BOY brand and related designs throughout the United States and in large parts of the world.

| Mark | Reg. No. | Goods / Date of first use in commerce |
|------|----------|----------------------------------------|
|  | 1,469,124 | Class 25. Men's and women's clothing, namely, shirts, pants, jackets, shorts, t-shirts, hats and visors . 1985 |
|  | 3,142,900 | Class 32. Non-alcoholic beverages, namely, carbonated beverages, smoothies, energy drinks, sports drinks, fruit drinks, fruit flavored soft drinks, soft drinks and isotonic drinks. 2006 |
|  | 2,013,727 | Class 25. Men's, women's and children's clothing, namely, shirts, knit tops, woven tops, pants, shorts, volleyball shorts, hats, swim trunks, T-shirts, tank tops, jackets, sweatshirts, and shoes. 1989 |

| Mark | Reg. No. | Goods / Date of first use in commerce |
|---|---|---|
| Bad Boy | 2,060,484 | Class 25. Men's, women's and children's clothing, namely, shirts, knit tops, woven tops, pants, shorts, volleyball shorts, hats, visors, swim trunks, T-shirts, tank tops, jackets, sweatshirts, sweatpants, belts, headbands, wristbands, vests, and shoes.  1991 |
| **BAD BOY** | 2,045,529 | Class 25. Men's, women's and children's clothing, namely shirts, knit tops, woven tops, pants, shorts, volleyball shorts, hats, visors, swim trunks, T-shirts, tank tops, jackets, sweatshirts, sweatpants, belts, headbands, wristbands, vests, and shoes.  1983 |

11.    For many years, all of the BAD BOY copyrights, including specifically the '333 copyrighted image, as well as the registered BAD BOY trademarks, are associated by consumers with PWI and the BAD BOY brand and serve to show consumers that products bearing these copyrighted images and trademarks are authentic PWI products or services or those of authorized licensees.  These common law and registered marks are collectively referred to as the "BAD BOY Trademarks."

12.    Over the years, PWI, its predecessors-in-interest and licensees have invested substantial sums of money in the United States and around the world in building the BAD BOY brand and in marketing and promoting the BAD BOY Copyrights and BAD BOY Trademarks and products bearing those copyrights and trademarks.

13.    As a part of its investment in marketing and promotion, PWI contracts for the operation of two websites related to its use of the BAD BOY Copyrights and BAD BOY Trademarks, www.badboybrands.com and www.badboy.com. PWI's authorized licensees also maintain websites around the globe, including the site www.badboymma.com and www.balzout.com , through which goods bearing the BAD BOY Copyrights and BAD BOY Trademarks are available for purchase over the internet in the United States and elsewhere.

14.    Through longstanding marketing and promotion of the BAD BOY brand and related imagery, and extensive and continuous use, PWI, its predecessors-in-interest and its licensees have generated substantial goodwill associated with the BAD BOY Copyrights and the BAD BOY Trademarks in the United States and around the world.

**B.    THE BUSINESS OF BAD BOYS BAIL BONDS, INC.**

15.    PWI is now informed and believes that defendant Bad Boys Bail Bonds, Inc. ("BBBB, INC.") was founded in or about 1998 in San Jose, California.

16.    At all relevant times, BBBB, INC. has had access and an opportunity to view PWI's BAD BOY Copyrights and BAD BOY Trademarks through, *inter alia*, products manufactured by PWI or its licensees, PWI's and its licensees' marketing and advertising materials and on PWI's and its licensees' websites. PWI is informed and believes that, without any license from PWI, BBBB, INC. has marketed its services using PWI's BAD BOY Trademarks and has copied, for promotional purposes the images in PWI's BAD BOY Copyrights, or has used for such purposes substantially similar, strikingly similar or derivative works. These uses are referred to in this Complaint as BBBB INC.'s "infringements."

17.    PWI is informed and believes that BBBB, INC. uses the infringements on its website, located at www.badboysbailbonds.com, as well as, *inter alia*, in print advertisements, on merchandise including t-shirts and stickers, on its physical offices, and, on information and belief, on television advertisements.

18.    A true copy of a page from BBBB, INC.'s website reflecting BBBB, INC.'s use of infringements, is shown below:



19.    PWI has never authorized or consented to BBBB, INC.'s infringements for any purpose.

20.    PWI has demanded that BBBB, INC. cease and desist from using the infringements in connection with its services and merchandise.  BBBB, INC. has refused.

21.    BBBB, INC.'s use of the infringements has caused and is causing PWI irreparable harm.

22.    BBBB, INC.'s use of the infringements has caused and continues to cause irreparable damage to the reputation and goodwill of PWI, which has no control over BBBB, INC.'s activities or the quality of its services.

23.    Any mistaken association between or sponsorship of BBBB, INC. and PWI is likely to cause grave and irreparable harm to PWI.  For example, on information and belief, in or about 2005, BBBB, INC. was criminally indicted by a grand jury in Los Angeles in a publicized indictment for multiple offenses including perjury, forgery and offering false evidence.

24.    BBBB, INC. has engaged in the infringing conduct described above willfully, intentionally, knowingly, and in reckless and knowing disregard for the obvious and inevitable injurious consequences of its conduct.

25.    In continuing to use the infringements even after having been warned to stop, BBBB, INC. has further demonstrated its bad faith intent to trade on and profit from PWI's artwork, goodwill and reputation and to confuse and mislead the public.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – 17 U.S.C. 106, et seq.)**

26.    PWI repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 as though set forth here at length.

27.    BBBB, INC. has used and displayed for commercial purposes PWI's Copyrights and substantially similar, strikingly similar or derivative works. The reproduction, distribution, display and use of PWI's Copyrights or substantially similar, strikingly similar or derivative works was without the consent or authorization of PWI.

28.    PWI has suffered serious injury as a result of the foregoing infringement of PWI's Copyrights, including harm to its goodwill and reputation in the marketplace, lost profits and lost control over its proprietary artwork. In addition, PWI will continue to suffer serious injury if BBBB, INC. is not enjoined from reproducing, distributing, displaying or otherwise using PWI's Copyrights or substantially similar, strikingly similar or derivative works. BBBB, INC. has engaged in willful acts of infringement. Even after PWI's counsel wrote to BBBB, INC., complaining that BBBB INC.'s use of PWI's Copyrights and substantially similar, strikingly similar or derivative works violates copyright and trademark law, BBBB, INC. continued to engage in its infringing activities.

29.    PWI has no adequate remedy at law for BBBB, INC.'s continuing acts of infringement. PWI is entitled, therefore, to preliminary and permanent injunctions enjoining BBBB, INC.'s acts of infringement and to recover its costs and reasonable attorneys' fees from BBBB, INC. pursuant to 17 U.S.C. § 505, in addition to its lost profits and actual damages or statutory damages for willful infringement.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement)**

30.    PWI repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth at length.

31.    PWI's BAD BOY Trademarks are inherently distinctive and arbitrary and, whether used separately or in combination, are entitled to the strongest possible protection afforded by the Lanham

1   Act. The trademarks are strongly associated, individually and in combination with the BAD BOY brand

2   and PWI.

3       32.    BBBB, INC.'s use of PWI's BAD BOY Trademarks constitutes trademark infringement

4   under the Lanham Act, including sections 32 (15 U.S.C. §1114) and 43 (15 U.S.C. §1125). BBBB

5   INC.'s use of PWI's BAD BOY trademarks -- as demonstrated by its slavish copy of PWI's copyrighted

6   imagery and use of it in combination with PWI's word mark -- shows that it deliberately intended to

7   misappropriate for itself goodwill developed by and belonging to PWI.

8       33.    BBBB Inc.'s actions have caused and will cause PWI irreparable harm for which money

9   damages and other remedies are inadequate. Unless BBBB Inc. is restrained by this Court, BBBB Inc.

10  will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to

11  cause great and irreparable damage and injury to PWI through, among other harms:

12      a.    Depriving PWI of its statutory rights to use and control use of its trademarks;

13      b.    Creating a likelihood of confusion, mistake and deception among consumers and the

14  trade as to the source of the infringing products and services;

15      c.    Causing the public falsely to associate PWI with BBBB Inc. or vice versa;

16      d.    Causing incalculable and irreparable damage to PWI's reputation and goodwill, and

17  diminishing the capacity of its PWI's trademarks to differentiate PWI's products from others; and

18      e.    Causing PWI to lose sales of its genuine products and services or to lose licensing

19  opportunities.

20      34.    BBBB INC. has caused great damage and injury to PWI for which PWI is entitled to

21  recover treble compensatory damages, BBBB INC.'s profits and costs of the action pursuant to 15

22  U.S.C. §1117.

23                          **THIRD CLAIM FOR RELIEF**

24      **(Unfair Competition – California Business and Professions Code section 17200 *et seq*.)**

25      35.    PWI repeats and incorporates herein by reference each and every allegation contained in

26  paragraphs 1 through 35 as though set forth here at length.

27

28

1   36.    California Business & Professions Code section 17200, *et seq.*, prohibits any person or

2   entity involved in any business or profession in the State of California from engaging unfair

3   competition, including engaging in any unlawful, unfair or fraudulent business act or practice.

4   37.    The conduct of BBBB, INC. alleged in this complaint violated California Business &

5   Professions Code section 17200, *et seq*.

6   38.    PWI has been and continues to be harmed by BBBB, INC.'s unfair competition and PWI

7   is entitled to injunctive relief remedying and preventing such unfair competition.

8

9   **PRAYER FOR RELIEF**

10   **WHEREFORE**, PWI prays that this Court adjudge and enter judgment in PWI's favor as

11   follows:

12   A.    That BBBB INC. has infringed PWI's BAD BOY Copyrights under 17 U.S.C. § 501

13   B.    That, pursuant to 17 U.S.C. § 502, BBBB, INC., as well as all persons acting under the

14   direction, control, permission or authority of BBIC, INC., or any of them, and all persons acting in

15   concert therewith, be enjoined during the pendency of this action, and permanently thereafter, from

16   displaying, marketing, distributing, advertising, transferring or selling any facsimile, copy, replica,

17   reproduction, picture or depiction of PWI's BAD BOY Copyrights or any substantially similar,

18   strikingly similar or derivative works.

19   B.    That, pursuant to 17 U.S.C. §§ 503(b) and 509, all displays, facsimiles, copies, replicas,

20   reproductions, pictures, and depictions of PWI's Copyrights in BBBB, INC.'s possession, custody, or

21   control, and all pre-fabricated displays or kits, molds, matrices or other devices used for assembling,

22   manufacturing, or reproducing the aforesaid items, be ordered delivered up for destruction or seized and

23   forfeited to the United States.

24   C.    That BBBB, INC. pay to PWI the full costs of this action and PWI's reasonable

25   attorneys' fees pursuant to 17 U.S.C. § 505.

26   D.    That PWI recover its actual damages and lost profits or, in the alternative, that PWI

27   recover $150,000.00 in statutory damages per infringement for willful infringement pursuant to 17

28   U.S.C. § 504.

1    E.    That PWI's BAD BOY Trademarks have been infringed by BBBB INC. in violation of

2    PWI's rights under 15 U.S.C. § 1114;

3    F.    That BBBB INC. has competed unfairly with PWI in violation of PWI's rights under 15

4    U.S.C. § 1125(a);

5    G.    That BBBB INC. and each of its agents, employees, attorneys, successors, assigns,

6    affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any

7    person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the

8    pendency of this action and thereafter permanently from:

9        a.    Selling, offering for sale, producing, sourcing, importing, distributing, designing,

10   advertising or promoting any goods or services that display any words, terms, names or symbols that so

11   resemble PWI's BAD BOY Trademarks as to be likely to cause confusion, mistake or deception, on or in

12   connection with any product or service that is not authorized by or for PWI;

13       b.    Using any word, term, name, symbol, device or combination thereof that causes

14   or is likely to cause confusion, mistake or deception as to the affiliation or association of BBBB INC. or

15   its goods or services with PWI or as to the origin of BBBB INC's goods or services, or any false

16   designation of origin, false or misleading description or representation of fact;

17       c.    Making any express or implied representation of any relationship to or affiliation

18   with PWI;

19       d.    Further infringing the rights of PWI in and to any of its trademarks or otherwise

20   competing unfairly with PWI in any manner or damaging PWI's goodwill or business reputation;

21       e.    Continuing to perform in any manner whatsoever any of the acts complained of in

22   this Complaint;

23   H.    That BBBB INC. be required immediately to supply PWI's counsel with a complete list

24   of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for

25   sale, distributed, advertised or promoted, infringing products or services as alleged in this Complaint;

26   I.    That BBBB INC. be required immediately to deliver to PWI's counsel BBBB INC.'s

27   entire inventory of infringing products, including without limitation any packaging, labeling,

28   advertising, and promotional material and all patterns, plates, molds, matrices and other material for

1    producing such items, which are in BBBB INC.'s possession or subject to its control and which infringe

2    PWI's trademarks as alleged in this Complaint;

3        J.     That BBBB, INC., within thirty (30) days after service of the Judgment, be required to

4    file with this Court and serve upon PWI's counsel a written report under oath setting forth in detail the

5    manner in which it has complied with the Judgment;

6        K.     That PWI recover from BBBB INC. its actual damages and lost profits in an amount to

7    be proven at trial, that BBBB INC. be required to account for any profits that are attributable to its

8    illegal acts, and that PWI be awarded the greater of (1) three times BBBB INC.'s profits or (2) three

9    times any damages sustained by PWI, under 15 U.S.C. § 1117, plus prejudgment interest;

10        L.     That a constructive trust shall be imposed on all BBBB INC.'s funds and assets that arise

11    out of BBBB INC.'s infringing activities;

12        M.     That BBBB, INC. has violated California Business & Professions Code section 17200

13    and that it and each of its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers

14    and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by,

15    through or under them, shall be enjoined and restrained at first during the pendency of this action and

16    thereafter permanently from unfairly competing with PWI or continuing any of the acts complained of in

17    this Complaint.

18        N.     That PWI be awarded its costs and disbursements incurred in connection with this action,

19    including PWI's reasonable attorneys' fees and investigative expenses; and

20        O.     That PWI shall be awarded all such other relief as this Court deems just and proper.

21    Dated: September 7, 2007

22        Respectfully submitted,

23

24        Gregory S. Gilchrist

25        TOWNSEND AND TOWNSEND AND CREW LLP
          Two Embarcadero Center, 8th Floor

26        San Francisco, California 94111
          Telephone: (415) 576-0200

27        Facsimile: (415) 576-0300

28        Attorneys for Plaintiff
          PLATYPUS WEAR, INC.

**JURY DEMAND**

1

2    Plaintiffs hereby demand a trial by jury on all claims.

3

4    Dated: September 7, 2007

5                                    Respectfully submitted,

6

7                                    Gregory S. Gilchrist
                                     TOWNSEND AND TOWNSEND AND CREW LLP
8                                    Two Embarcadero Center, 8th Floor
                                     San Francisco, California 94111
9                                    Telephone: (415) 576-0200
                                     Facsimile: (415) 576-0300
10
                                     Attorneys for Plaintiff
11                                   PLATYPUS WEAR, INC.

12   61147309 v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28