JEFFREY M. COHON, ESQ. (CSBN 131431) a member of
jcohon@cohonpollak.com
COHON & POLLAK, LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Tel:　(310) 231-4470
Fax:　(310) 231-4610

Attorneys for Defendant
BAD BOYS BAIL BONDS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATYPUS WEAR, INC., a Nevada corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BAD BOYS BAIL BONDS, INC., a California corporation,<br><br>　　　　　　Defendant. | CASE NO. 07-cv-04628-EDL<br><br>**ANSWER** |

　　　　Comes now Defendant BAD BOYS BAIL BONDS, INC., a California corporation, (herein "BAD BOYS" or "Defendant"), answering for itself alone, and in answer to Plaintiff PLATYPUS WEAR, INC.'s (herein "PLATYPUS" or "Plaintiff") Complaint, admits, denies and alleges as follows:

　　　　1.　　Answering paragraph 1 of the Plaintiff's Complaint, the answering Defendant denies that the alleged facts represent a cognizable action under the referenced statutes.

　　　　2.　　Answering paragraph 2 of the Plaintiff's Complaint, the answering Defendant admits that it resides in this judicial district.

　　　　3.　　Answering paragraph 3 of the Plaintiff's Complaint, the answering Defendant denies that a substantial part of the alleged events occurred in one or more of the counties listed in Local Rule 3-2(d).

　　　　4.　　Answering paragraph 4 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and,

basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

5. Answering paragraph 5 of the Plaintiff's Complaint, the answering Defendant specifically denies that any alleged causes of action relating to the subject of the complaint, could be or were transferred to any entity. In regards to the remaining allegations in paragraph 5 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

6. Answering paragraph 6 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

7. Answering paragraph 7 of the Plaintiff's Complaint, the answering Defendant admits all allegations therein.

8. Answering paragraph 8 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

9. Answering paragraph 9 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

10. Answering paragraph 10 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

11. Answering paragraph 11 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and,

basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

12. Answering paragraph 12 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

13. Answering paragraph 13 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

14. Answering paragraph 14 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

15. Answering paragraph 15 of the Plaintiff's Complaint, the answering Defendant admits all allegations therein.

16. Answering paragraph 16 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

17. Answering paragraph 17 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

18. Answering paragraph 18 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

19, Answering paragraph 19 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

20. Answering paragraph 20 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

21. Answering paragraph 21 of the Plaintiff's Complaint, the answering Defendant denies

each and every allegation contained in said paragraph.

22. Answering paragraph 22 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

23. Answering paragraph 23 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

24. Answering paragraph 24 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

25 Answering paragraph 25 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

**FIRST CLAIM FOR RELIEF**

**(Copyright infringement - 17 U.S.C. 106, *et seq.*)**

26. Answering paragraph 26 of the Plaintiff's Complaint, the answering Defendant incorporates herein by reference its answer to paragraphs 1 through 25 of Plaintiff's Complaint with the same force and effect as though set forth fully therein.

27. Answering paragraph 27 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

28. Answering paragraph 28 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

29. Answering paragraph 29 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement)**

30. Answering paragraph 30 of the Plaintiff's Complaint, the answering Defendant incorporates herein by reference its answer to paragraphs 1 through 30 of Plaintiff's Complaint with the same force and effect as though set forth fully therein.

31. Answering paragraph 31 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained

therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

32   Answering paragraph 32 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

33.   Answering paragraph 33 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

34.   Answering paragraph 34 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition - California Business and Professions Code section 17200, *et seq.*)**

35   Answering paragraph 35 of the Plaintiff's Complaint, the answering Defendant incorporates herein by reference its answer to paragraphs 1 through 35 of Plaintiff's Complaint with the same force and effect as though set forth fully therein.

36.   Answering paragraph 36 of the Plaintiff's Complaint, the answering Defendant alleges that it has no information or belief sufficient to enable it to answer the allegations contained therein and, basing its denial upon such lack of information and belief, denies generally and specifically each and every allegation contained therein.

37.   Answering paragraph 37 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

38.   Answering paragraph 38 of the Plaintiff's Complaint, the answering Defendant denies each and every allegation contained in said paragraph.

**FIRST AFFIRMATIVE DEFENSE**

1.   The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.   Plaintiff is not entitled to attorney's fees as an item of damages pursuant to statute, contract nor existing case law.

### THIRD AFFIRMATIVE DEFENSE

3.     Defendant alleges that the work alleged in the Complaint lacks sufficient originality for protection under the Copyright Act and plaintiff's claims are barred for lack of originality.

### FOURTH AFFIRMATIVE DEFENSE

4.     Defendant alleges that plaintiff's claims for copyright infringement are barred because the copyright registrations are invalid and unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

5.     Defendant alleges that plaintiff's claims are barred in whole or in part by the doctrine of functionality.

### SIXTH AFFIRMATIVE DEFENSE

6.     Defendant alleges that plaintiff's claim for copyright infringement is barred because the works for which copyright protection is claimed is in the public domain.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Defendant alleges that plaintiff's claim for copyright infringement is barred in whole or in part are barred by the doctrine of fair use.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant alleges that plaintiff's claims for copyright infringement are barred because the copyright registrations were abandoned.

### NINTH AFFIRMATIVE DEFENSE

9.     Defendant alleges that plaintiff's common law and state law claims are preempted by Federal law, including the Copyright Act.

### TENTH AFFIRMATIVE DEFENSE

10.     Defendant alleges that plaintiff's alleged mark is merely descriptive of the goods and not entitled to trademark protection.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant alleges that plaintiff's claim for trademark infringement and Lanham Act

Cohon & Pollak, LLP

violations are barred because the allegedly infringing words/images were not used as a trademark, but fairly and in good faith to describe a product, and plaintiff is not entitled to appropriate a generic or descriptive term for its exclusive use.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant alleges that all or part of plaintiff's claims fail to state a cause of action because the purported marks have not acquired distinctiveness (secondary meaning) and/or are not inherently distinctive.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant alleges that plaintiff's claims are barred by the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant alleges that plaintiff's claims are barred by the doctrine of acquiescence.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant alleges that plaintiff's claims are barred by the doctrine of waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant alleges that plaintiff's claims are barred by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant alleges that plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant alleges that plaintiff's claims are barred based upon independent creation by defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant alleges that any and all of the acts alleged by plaintiff were performed, if they were performed at all, with lack of knowledge, lack of willful intent and without malice or ill-will.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants allege that plaintiff's claims are barred because plaintiff has not

suffered any damages as a result of the facts alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants alleges it did not infringe any trademark and defendant's conduct, if any, was not intended to, was not used to, and did not, in fact, cause confusion, mistake, or deceit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendant alleges that plaintiff has failed to act reasonably to mitigate its alleged damages, costs, and/or fees and/or that others acting on its behalf or at its behest failed to mitigate.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Some or all of plaintiff's claims are barred by the applicable statutes of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Based on the facts alleged, plaintiff cannot obtain exemplary or punitive damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Based on the facts alleged, plaintiff cannot obtain statutory damages against defendant pursuant to 17 U.S.C. § 504, et seq.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims for copyright infringement are barred because the copyright registrations are invalid and unenforceable, on the grounds plaintiff perpetrated a fraud on the Copyright Office,

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrine of merger.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

. 28. Plaintiff's claims are barred by the blank forms doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims for reverse passing-off, trademark infringement and Lanham Act violations are barred based on the principles enunciated in Dastar Corporation v. Twentieth

Century Fox Film Corporation, 539 U.S. 23 (2003).

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Any damages or injuries allegedly sustained by plaintiff were caused, in whole or in part, by plaintiff or by others acting on its behalf or its behest.

WHEREFORE, Defendant respectfully prays that the relief requested by plaintiff be in all respects denied, and that the Complaint be dismissed in its entirety, with costs and disbursements, and reasonable attorney fees in favor of defendants against plaintiff and the granting of such other and further relief as the Court deems just and proper.

DATED:   October 29, 2007                        COHON & POLLAK, LLP


                                         By:   s/Jeffrey M. Cohon
                                             JEFFREY M. COHON
                                             Attorneys for Defendant
                                             BAD BOYS BAIL BONDS, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars, Suite 1100, Los Angeles, California 90067.

On October 29, 2007, I served the foregoing document described as ANSWER on the interested parties in this action:

___ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

 x  by placing    the original  x  a true copy thereof enclosed in sealed envelopes addressed as follows:

Gregory S. Gilchrist, Esq.
Raquel Pacheco, Esq.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111

Karen B. King, Esq.
501 West Broadway, Suite 2020
San Diego, CA 92101

 x      BY MAIL
  ___   I deposited such envelope in the mail at Los Angeles, California
   x    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
   X    The foregoing document was electronically served through the ECF system of the United States District Court for the Southern District of California.

Executed on October 29, 2007, at Los Angeles, California.

___(State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 x  (Federal)    I declare that I am a member of the bar of this Court.

    Jeffrey M. Cohon                  s/Jeffrey M. Cohon