TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RAQUEL PACHECO (State Bar No. 245328)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
gsgilchrist@townsend.com; R1P@townsend.com

KAREN B. KING (State Bar No. 167568)
501 West Broadway, Suite 2020
San Diego, California 92101
Telephone: (619) 702-2301
Facsimile: (619) 702-2401

Attorneys for Plaintiff
PLATYPUS WEAR, INC.

JEFFREY M. COHON (State Bar No. 31431)
KRISTINA S. KELLER (State Bar No. 161946)
COHON & POLLAK, LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610

Attorneys for Defendant
BAD BOYS BAIL BONDS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATYPUS WEAR, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>BAD BOYS BAIL BONDS, INC., a California corporation,<br><br>Defendant. | Case No. C 07-cv-04628 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC DATE: January 15, 2008<br>CMC TIME: 3:00 p.m. |

Plaintiff Platypus Wear, Inc. ("Platypus") and defendant Bad Boys Bail Bonds, Inc. ("BBBB") jointly submit this Case Management Statement.

1. **Jurisdiction and Venue.**

Platypus's claims arise under the Lanham Act, the Copyright Act and the California Unfair Competition Act (Bus & Prof. Code § 17200).  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over Platypus's state law claims pursuant to 28 U.S.C. §1367.  No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

2. **Bases for Claims and Defenses.**

**Platypus's Claims:**

Platypus alleges that it owns trademark and copyright registrations for the word mark "Bad Boy" and the Bad Boy figure below, among other registrations.



Platypus alleges that Defendant is using the following figure and trade designation for its bail bond business:



- 2 -

Platypus alleges that this use reflects deliberate and willful trademark infringement and copyright infringement, as well as unfair competition under California law.  Platypus licenses its products on a variety of goods and has received reports of actual confusion that Defendant is affiliated with Platypus.

**Defendant's Defenses:**

Defendant Bad Boys Bail Bonds, Inc. has generally raised as defenses those affirmative defenses appropriate to trademark infringement litigation. These include, but are not limited to, lack of originality, the doctrine of functionality, work is in the public domain, the doctrine of fair use, abandonment, estoppel, waiver, and statute of limitations.

### 3.   Issues in Dispute.

The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and the parties reserve their rights to reformulate these issues or include other appropriate issues as they develop or become known to the parties through the course of discovery and investigation.  Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession that it is not the other or both.

Factual Issues:

a. Whether BBBB's design or parts of it are substantially similar to Platypus's copyrighted design.

b. Whether BBBB's design and business designation are likely to cause confusion, mistake or deception among consumers and potential consumers regarding an association, sponsorship or affiliation between the parties.

c. Whether BBBB acted in willful disregard of Platypus's rights.

d. Whether and to what extent Platypus has been damaged by BBBB's use of the design and designations at issue.

e. Whether and to what extent BBBB has profited from BBBB's use of the design and designation at issue.

Legal Issues:

    a.    Whether BBBB's use of the design at issue constitutes copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq*.

    b.    Whether BBBB's use of the design and designation at issue constitutes trademark infringement under Lanham Act, 15 U.S.C. §§ 1114 and 1125 *et seq*.

    c.    Whether BBBB's actions constitute unfair competition under California Bus. & Prof. Code §§ 17200 *et seq*.

    d.    Whether Platypus is entitled to an accounting and recovery of BBBB's profits, to compensatory and statutory damages and penalties and/or attorneys' fees and costs.

    e.    Whether Platypus is entitled to an injunction and, if so, the scope of the injunction.

    f.    Whether Platypus's claims are barred by the affirmative defenses asserted in BBBB's answer.

**4.    Anticipated Motions.**

The parties anticipate that they may file dispositive motions, depending on the evidence that is produced during the discovery process.

**5.    Amendment of Pleadings.**

The parties believe that the pleadings are complete, reserving the right to seek leave if discovery warrants amendments.

**6.    Evidence Preservation.**

The parties have a comprehensive hold on all potentially relevant material.

**7.    Disclosures**.

Platypus served its initial disclosures on December 4, 2007. BBBB served its disclosures on December 21, 2007.

**8.    Discovery Plan.**

The parties will agree to entry of a protective order governing documents and information to be disclosed in the course of this litigation. The parties anticipate exchanging

document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses. The parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under FRCP Rule 26(a). The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the court. Should the need arise at a later date to amend these deadlines, the parties agree they may be modified by stipulation and order or motion supported by good cause.

**9.    Related Cases.**

There are no related cases pending in this Court.

**10.    Certification.**

This is not a class action.

**11.    Relief.**

Platypus seeks damages, disgorgement of BBBB's profits, attorneys' fees, costs, statutory penalties and an injunction to the full extent permitted under the statutes supporting its claims. Damages cannot yet be calculated.

**12.    ADR.**

The parties request referral to mediation as their ADR process.

**13.    Additional References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master or magistrate judge, or to the Judicial Panel on Multidistrict Litigation.

**14.    Consent.**

The parties have consented to a Magistrate Judge for trial.

**15.    Narrowing of Issues.**

The parties have not identified any issues for narrowing or bifurcating.

**16.    Expedited Schedule.**

Not applicable.

**17.   Proposed Schedule.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | July 3, 2008 |
| Expert Disclosures: | July 28, 2008 |
| Rebuttal Expert Disclosures: | August 15, 2008 |
| Expert Discovery Cut-off: | August 29, 2008 |
| Latest Filing of Dispositive Motions: | September 12, 2008 |
| Pretrial Conference Date: | October 28, 2008 at 2:00 p.m. |
| Trial Date: | November 17, 2008 at 9:00 a.m. |

**19.   Certificate of Interested Parties.**

The parties have filed their Certificates.  The parties do not believe that additional parties have a substantial interest that will be affected or a financial interest in the outcome of the action.

**20.   Other Matters.**

None.

DATED:  January 8, 2008

Respectfully submitted,

By:  */s/ Gregory S. Gilchrist*
Gregory S. Gilchrist
TOWNSEND AND TOWNSEND AND CREW LLP

Attorneys for Plaintiff
PLATYPUS WEAR, INC.

DATED:  January 8, 2008

By:  */s/ Jeffrey M. Cohon*
Jeffrey M. Cohon
COHON & POLLAK, LLP

Attorneys for Defendant
BAD BOYS BAIL BONDS, INC.

61226077 v1

- 6 -